UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ASHAUD PUGH,
    *Plaintiff*,

v.

MANSON YOUTH INSTITUTION,
    *Defendant*.

No. 3:22-cv-1076 (JAM)

**ORDER OF DISMISSAL PURSUANT TO 28 U.S.C. § 1915A**

Plaintiff Ashaud Pugh has filed a complaint *pro se* and *in forma pauperis* against Manson Youth Institution. Based on my initial review of the complaint, it is apparent that the complaint must be dismissed for failure to state a plausible claim for relief against the Manson Youth Institution. Accordingly, I will dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915A.

## BACKGROUND

Pugh alleges that while he was incarcerated at Manson Youth Institution he was "jumped/assaulted" by three inmates in November 2019.[1] After this incident, he told the deputy warden that the reason for the assault was that because "2 of the inmates had a relationship with the victims in my case and it was not over at all."[2] Pugh was eventually transferred to other facilities where he was assaulted again by two of the inmates who had assaulted him at Manson Youth Institution.[3] He claims that "[i]f an assault by one inmate against another was the result of deliberate indifference on the part of prison staff, the proper remedy would be a civil rights suit

---

[1] Doc. #1 at 3.
[2] *Id.* at 3.
[3] *Id.* at 3-4.

1

pursuant to a federal statute 42 U.S.C. §1983."[4] Pugh seeks money damages of $100,000 and a waiver of his probation following service of his sentence.[5]

## DISCUSSION

Congress by law requires that a federal court conduct an initial review of a prisoner's civil complaint against a governmental entity or governmental actors and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). If the prisoner is proceeding *pro se*, the allegations of the complaint must be read liberally to raise the strongest arguments they suggest. *See Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (*per curiam*).[6] Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish plausible grounds for relief. *Ibid*.

Pugh has named a single defendant: Manson Youth Institution. But it is well-established that a correctional institution is not a "person" that is subject to suit under 42 U.S.C. § 1983. *See, e.g.*, *Galasso v. New Haven Corr. Ctr.*, 2023 WL 2457582 (D. Conn. 2023); *El-Massri v. New Haven Corr. Ctr.*, 2018 WL 4604308, at *4 (D. Conn. 2018). Accordingly, the complaint is subject to dismissal for failure to state a plausible claim for relief against the Manson Youth Institution.

---

[4] *Id.* at 2.
[5] *Id.* at 9.
[6] Unless otherwise indicated, this order omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

## CONCLUSION

For the reasons set forth above, the Court DISMISSES the complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk of Court shall close this case.

If Pugh has good faith grounds to allege a claim against a defendant who is a "person" within the meaning of 42 U.S.C. § 1983, he may file an amended complaint by **May 26, 2023**, and the Court will then re-open the case to conduct another initial review of any timely amended complaint.

It is so ordered.

Dated at New Haven this 27th day of April 2023.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge